UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SOPHIA M.,[1]

*Plaintiff,*

v.   CIVIL ACTION No. 2:20cv584

KILOLO KIJAKAZI,[2]
Acting Commissioner of Social Security,

*Defendant.*

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Sophia M. ("Plaintiff") brought this civil action pursuant to 42 U.S.C. §§ 405(g), seeking judicial review of the decision by the Commissioner of the Social Security Administration ("Commissioner") to terminate her claim for Social Security Disability Insurance Benefits ("SSDIB") under Title II of the Social Security Act ("the Act") 42 U.S.C. § 405(g). Plaintiff raises a single assignment of error in the decision by the Administrative Law Judge ("ALJ") that heard her claim, arguing that the jobs cited by the Vocational Expert ("VE") do not exist in significant numbers in the national economy and that the ALJ should therefore have found her to be disabled.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Kilolo Kijakazi is the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). See also section 205(g) of the Social Security Act, 42 U.S.C § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

1

This action was referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). The matter is now before the court on the parties' cross-motions for summary judgment. For the reasons stated below, I recommend that the Court DENY Plaintiff's Motion for Summary Judgement, (ECF No. 15), GRANT Defendant's Motion for Summary Judgment, (ECF No. 17), and AFFIRM the Commissioner's decision.

## I. **Procedural History**

Plaintiff initially filed an application for SSDIB on June 13, 2011, and the Commissioner found her to be disabled as of January 12, 2011. (R. at 85, 107.) On February 24, 2018, the Commissioner again reviewed Plaintiff's case as part of a regular Continuing Disability Review ("CDR") to determine if she was still disabled. (R. at 112-13.) Plaintiff was determined to no longer be disabled because her health had improved, and the Commissioner indicated in his Notice of Cessation that her SSDIB were terminated as of June 1, 2018. (R. at 114-18, 202.) Plaintiff filed a request for reconsideration on June 19, 2018, and on December 10, 2018, a state agency disability hearing officer upheld the Commissioner's finding. (R. at 120, 121-28.)

Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ") in Norfolk, Virginia and appeared pro se on May 7, 2019. (R. at 50-84, 132-33.) Plaintiff, her daughter, and an impartial Vocational Expert ("VE") testified, and on August 30, 2019, the ALJ asked the VE to answer a written "Vocational Interrogatory." (R. at 52, 265.) The VE provided her opinion on September 3, 2019 and Plaintiff did not object to or submit comments or questions regarding the VE's interrogatory responses. (R. at 266-69.) On November 27, 2019, the ALJ issued a decision finding that Plaintiff's disability ended on June 1, 2018 and that she had not become disabled again since that date. (R. at 31.) The Appeals Council denied Plaintiff's request

for review, making the ALJ's decision the final decision of the Commissioner. (R. at 1-6.) Plaintiff then filed this civil action for judicial review.

## II. Factual Background

Plaintiff was forty-four years old at the time of the Commissioner's Notice of Disability Cessation in 2018, and forty-six years old on the date of the ALJ's decision. See (R. at 31, 85.) She graduated high school and previously worked as a medical records clerk. (R. at 29-30, 67.)

### A. The ALJ Hearing

Because Plaintiff's sole assignment of error relates to the availability of employment within the restrictions imposed by her uncontested RFC, no review of her medical history is necessary to resolve her appeal. Plaintiff appeared pro se at the May 7, 2019 administrative hearing, where the ALJ questioned a VE about Plaintiff's past work. (R. at 81-83.) The VE characterized Plaintiff's prior work as a medical records clerk (DOT 245.362-010) as light and semiskilled. (R. at 82.) Because some medical records were pending at the time of the administrative hearing, the ALJ did not ask the VE questions relating to Plaintiff's RFC. (R. at 55-56, 83.) Instead, on August 30, 2019, after allowing time to supplement the record, the ALJ asked the same VE to complete a written Vocational Interrogatory form. (R. at 265.) In the form, the ALJ posited the following hypothetical to the VE for a person of the same age, education, and work experience as Plaintiff with the following limitations:

> [Limited to] sedentary work . . . except she should be allowed to use a cane for prolonged walking, walking on uneven terrain, or ascending or descending slopes. She cannot climb ladders, ropes or scaffolds, or push or pull with the dominant lower extremity. She can frequently stoop, and can occasionally climb ramps or stairs, balance, crouch and kneel. She can perform simple and routine work tasks, consistent with unskilled work . . . for increments of two hours during an 8 hour workday with customary breaks. She can adapt to, and manage working in, routine work settings that have minimal changes.

(R. at 267.)

3

The VE testified that jobs would be available to such a person, identifying call out operator (DOT 237.367-014) with 6,000 jobs nationally; addressing clerk (DOT 209.587-010) with 7,000 jobs nationally; and telephone information clerk (DOT 237.367-046) with 7,000 jobs nationally. (R. at 268.) The VE noted that in her experience, sedentary jobs tend to allow individuals to use a cane, even though cane use is not documented in the DOT. (R. at 269.) The VE further opined that Plaintiff would be unable to work as a Fast Food Worker (DOT 311.472-010) because it required light work and Plaintiff's RFC is sedentary. (R. at 266-67.) Plaintiff's only argument in this court is that the VE's testimony by interrogatory is insufficient to meet the Commissioner's burden to show significant employment.

### III.  Standard of Review

In reviewing a decision of the Commissioner denying benefits, the court is limited to determining whether the decision was supported by substantial evidence on the record and whether the Commissioner applied the proper legal standard in evaluating the evidence. See 42 U.S.C. §§ 405(g), 1383(c)(3); Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. of N.Y. v. NLRB, 305 U.S. 197, 229 (1938)). It may be less than a preponderance of evidence but is more than a "mere scintilla." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The court does not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); Hays, 907 F.2d at 1456. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the

4

[Commissioner] (or the [Commissioner's] designate, the ALJ)." Craig, 76 F.3d at 589 (quoting Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. 42 U.S.C. §§ 405(g), 1383(c)(3); Perales, 402 U.S. at 390. Reversing the denial of benefits is appropriate only if either the ALJ's determination is not supported by substantial evidence on the record, or the ALJ made an error of law. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

## IV. Analysis

Plaintiff's brief identifies a single error in the ALJ's decision that she claims warrants remand. She does not contest the ALJ's assessment of her RFC and medical records, or argue that the ALJ overlooked her limitations imposed by her impairments. She contends only that the jobs cited by the VE in response to the ALJ's interrogatory do not exist in significant numbers in the national economy. Mem. Supp. Pl.'s Mot. for Summ. J. 5-9 ("Pl.'s Mem.") (ECF No. 16). As a result, Plaintiff claims the Commissioner failed to meet his burden to demonstrate available work at step five and remand is necessary. As explained below, this report finds no error in the ALJ's finding that 20,000 jobs in the national economy is "significant," and recommends that the court affirm the Commissioner's decision.

### A. Framework for SSA Disability Evaluation

To qualify for SSDIB under sections 416(i) and 423 of the Social Security Act, 42 U.S.C. § 416(i), 423, an individual must meet the insured status requirements of those sections, be under the age of sixty-five, file an application for disability insurance benefits and a period of disability, and be under a "disability" as defined in the Act. 42 U.S.C. § 416(i), 423. After benefits are awarded, "there is no presumption that a claimant's disability continues . . ." Landes v. Barnhart, No. 5:05cv00033, 2005 WL 3542591, at *1 (W.D. Va. Dec. 21, 2005). But, when the Social

5

Security Administration terminates benefits, it must demonstrate that the individual no longer meets the requirements for disability. Sections 416(i) and 423 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, require that an individual be under a "disability" as defined in the Act in order to continue receiving disability insurance benefits. As relevant here, the Act defines "disability" as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A); accord 20 C.F.R. § 404.1505(a). An impairment renders an individual disabled only if it is so severe as to prevent the person from engaging in his or her prior work or any other substantial gainful activity that exists in the national economy. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1505(a).

SSA regulations set out a sequential analysis which ALJs use to make their determination of whether a claimant has a continuing disability. 20 C.F.R. § 404.1594(f)(1)-(8). Specifically, the regulations direct the ALJ to answer the following eight questions:

1. Is the claimant engaging in substantial gainful activity? If yes, the disability has ended. If no, proceed to step two.

2. Does the claimant have an impairment or combination of impairments which meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If yes, the disability continues. If no, proceed to step three.

3. Has there been medical improvement as shown by a decrease in the medical severity of the impairment(s) that existed at the time of the most recent favorable disability decision? If yes, proceed to step four. If no, proceed to step five.

4. Is the medical improvement related to the ability to work, i.e., has there been an increase in the claimant's RFC? If yes, proceed to step six. If no, proceed to step five.

5. Do any of the exceptions set out in 20 C.F.R. § 404.1594(d) or (e) apply? If none of them apply, the claimant's disability continues. If one of the first

6

> group of exceptions to medical improvement applies, proceed to step six. If one of the second group of exceptions to medical improvement applies, the claimant's disability has ended.
>
> 6. Is the claimant's current impairment or combination of impairments severe? If yes, proceed to step seven. If no, the disability has ended.
>
> 7. Does the claimant possess the RFC to perform her past relevant work? If yes, the disability has ended. If no, proceed to step eight.
>
> 8. Does the claimant's RFC, when considered with the claimant's age, education, and work experience, allow the claimant to do other work? If yes, the disability has ended. If no, the disability continues.

Dowling v. Comm'r of SSA, 986 F.3d 377, 383 (4th Cir. 2021) (citing 20 C.F.R. § 404.1594(f)(1)-(8)).

The SSA considers all material evidence in evaluating whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(3); 404.1520(b). This includes "(1) the objective medical facts; (2) the diagnoses and expert medical opinions of the treating and examining physicians; (3) the subjective evidence of pain and disability; and (4) the claimant's educational background, work history, and present age." Jolly v. Berryhill, 2017 WL 3262186, at *6 (E.D. Va. July 13, 2017) (citing Hayes v. Gardner, 376 F.2d 517, 520 (4th Cir. 1967)). Ultimate responsibility for making factual findings and weighing the evidence rests with the ALJ. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979)). The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 390 (1971). Thus, reversing the denial of benefits is appropriate only if either the ALJ's determination is not supported by substantial evidence on the record, or the ALJ made an error of law. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

### B.    The ALJ's Decision

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity. (R. at 22.) The ALJ next identified the following severe impairments: status post right lower extremity fractures, right ankle tendinitis, left hip bursitis, obesity, hypertension, human immunodeficiency virus ("HIV"), post-traumatic stress disorder ("PTSD"), bipolar disorder, and major depressive disorder. Id. The ALJ determined that these impairments did not meet or medically equal the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1. Id. At step three, the ALJ concluded that Plaintiff experienced a medical improvement on June 1, 2018. (R. at 23-24.) Because the ALJ concluded that Plaintiff's medical improvement was related to her ability to work at step four, the ALJ proceeded to step six and concluded that Plaintiff continued to have a severe combination of impairments. (R. at 24.) Having reached step seven, the ALJ analyzed Plaintiff's medical history and other evidence and set out the following RFC:

> [C]laimant has the residual functional capacity to perform a range of sedentary work. She can lift and carry up to ten pounds occasionally and less than ten pounds frequently. She is able to stand and/or walk up to two hours and sit for six hours over the course of an eight-hour workday. She requires a cane for prolonged walking, walking on uneven terrain, and ascending/descending slopes. She is unable to push or pull with the right lower extremity. She can frequently stoop and occasionally balance, kneel, crouch, and climb ramps or stairs. She is unable to climb ladders, ropes, or scaffolds. Mentally, she can perform simple and routine work tasks consistent . . . in two-hour increments during an eight-hour workday with customary breaks. She can adapt to and manage working in routine work settings with minimal changes . . . .

(R. at 24.) Using this RFC, the ALJ concluded that Plaintiff was unable to perform her past relevant work, which the VE characterized at the light exertional level. (R. at 29.) Finally, at step eight, the ALJ determined that, based on the testimony of the VE and the ALJ's own consideration of the Medical Vocational Guidelines, 20 C.F.R. Pt. 404, Subpart P, App. 2, Plaintiff would be able to perform work that existed in significant numbers in the national economy. (R. at 30-31.)

8

She therefore entered a finding that Plaintiff's disability ended on June 1, 2018 and that Plaintiff had not become disabled again since that date. (R. at 31.)

C. **The VE's Testimony Was Sufficient to Meet the ALJ's Burden at Step Eight.**

Pursuant to 20 CFR 404.1566, "[w]ork exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which [a claimant is] able to meet with [their] physical or mental abilities and vocational qualifications." 10 C.F.R. § 404.1566(b). The Fourth Circuit has not specifically established the minimum number of jobs necessary to satisfy a "significant number," but has stated in dicta that as few as 110 regional jobs is significant. Hicks v. Califano, 600 F.2d 1048, 1051 (4th Cir. 1979); see also Allen v. Bowen, 816 F.2d 600, 602 (11th Cir. 1987) (finding 174 regional jobs to be significant). Other circuit courts, as Plaintiff notes in her brief, have generally held that the difference between a significant number and an insignificant number hovers near 10,000 positions in the national economy. Pl.'s Mem. 6 (ECF No. 16) (citing Peach v. Berryhill, 2018 U.S. Dist. LEXIS 148339 (W.D.N.Y. Aug. 30, 2018) (finding that 8,991 is not significant); Hoffman v. Astrue, 2010 U.S. Dist. LEXIS 26207 (W.D. Wash. Feb. 8, 2010) (finding that 9,000 jobs is significant); Terri G. v. Comm'r of Soc. Sec., 2019 U.S. Dist. LEXIS 47505 (N.D.N.Y. Mar. 22, 2019) (finding that 9,493 jobs is not significant); Vining v. Astrue, 720 F. Supp. 2d 126 (D. Me. 2010) (finding that 11,000 jobs is significant)); see also Huffman v. Berryhill, No. 2:16-cv-02594, 2017 U.S. Dist. LEXIS 112916, at *21 (S.D. W. Va. July 20, 2017) (finding that 25,000 positions in the national economy is significant) (citing Johnson v. Chater, 108 F.3d 178, 180 (8th Cir. 1997) (finding that vocational expert testimony that there were 10,000 jobs nationally sufficiently showed a significant number)). The regulation further provides that "[i]t does not matter whether [w]ork exists in the immediate area in which [the claimant] live[s];" rather "work exists in the national economy when it exists in

significant numbers either in the region where [the claimant] live[s] or in several other regions of the country." 20 C.F.R. § 404.1566(a); see also McCall v. Saul, 844 F. App'x 680, 681 (4th Cir. 2021) ("We hold that evidence of jobs existing nationally constitutes evidence of work existing in several regions of the country, at least where there is nothing in the number of jobs or the nature of the jobs identified to indicate that those jobs would exist only in limited numbers in isolated regions of the country.").

Here, the VE testified only regarding the availability of jobs in the national economy. Plaintiff contends that the VE's testimony is insufficient to establish a significant number of jobs in the national economy which Plaintiff could perform. She argues that each position the VE identified had between 6,000 and 7,000 positions available nationally, and that these were "presumptively not significant number[s]," requiring more explanation from the ALJ to meet the substantial evidence test. Pl.'s Mem. 7-8 (ECF No. 16). However, Plaintiff erroneously refers to "6,000 or 7,000 positions" in the national economy without aggregating the number of jobs cited by the VE, thereby ignoring the plain text of 20 C.F.R. § 416.966. 20 C.F.R. § 416.966(b) ("Work exists in the national economy when there is a significant number of jobs (in one or more occupations.)" (emphasis added); see also Frierson v. Berryhill, 693 Fed. Appx. 660, 662 (9th Cir. 2017) (Finding that the ALJ properly aggregated three occupations to determine that the plaintiff could perform jobs existing in significant numbers in the national economy); Lash v. Comm'r of Soc. Sec., No. 12-13472, 2015 WL 3505875, at *3 (E.D. Mich. June 2, 2015) ("[C]ourts routinely aggregate numbers of jobs from different categories when determining whether available jobs exist in the national economy."); Barker v. Sec'y of Health & Human Servs., 882 F.2d 1474, 1478-79 (9th Cir. 1989) (adding number of hospital laundry worker jobs to number of garment sorter jobs).

Thus, here, according to the VE's interrogatory, Plaintiff is capable of performing occupations with approximately 20,000 jobs in the national economy. See (R. at 268.) "District Courts in the Fourth Circuit have affirmed an ALJ's reliance on national job figures to satisfy" the burden to demonstrate available employment. Sylvia M. v. Saul, No. 3:19cv428, 2020 WL 5047066, at *3 (E.D. Va. Aug. 26, 2020) (citing cases). Plaintiff does not contend the jobs in all three categories identified would exist only in limited numbers in isolated regions of the country. See McCall, 844 F. App'x at 681. Therefore, the Commissioner's conclusion that 20,000 jobs in the national economy is "significant," is supported by substantial evidence. See, e.g., Vining v. Astrue, 720 F. Supp. 2d 126 (D. Me. 2010) (finding that 11,000 jobs is significant)); Johnson, 108 F.3d 178, 180 (8th Cir. 1997) (finding that 10,000 jobs is significant).

## V. Conclusion

For the foregoing reasons, I recommend that the court DENY Plaintiff's Motion for Summary Judgement, (ECF No. 15), GRANT Defendant's Motion for Summary Judgment, (ECF No. 17), and AFFIRM the final decision of the Commissioner.

## VI. Review Procedure

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with

a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

_____
DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

August 10, 2021